# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Eugene Zerwas, | Case No. 20-cv-509 (WMW/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Kwik Trip, Inc., et al., | |
| Defendants. | |

On February 13, 2020, Plaintiff filed suit. (ECF No. 1). As of June 1, 2020, Defendants had not answered or filed another responsive pleading. The Court ordered Plaintiff to notify Defendants that they were required to respond to the complaint or submit a stipulation for an extension of time to answer within 10 days of service of the notice; file an application for entry of default within 30 days; or advise the undersigned of good cause to the contrary. (ECF No. 4). The Court warned that failure to comply with its Order might result in this action being dismissed for failure to prosecute. (ECF No. 4).

The parties have not complied with this Order. Defendants have not answered or otherwise responded to the complaint. Plaintiff has not moved or applied for default. The parties have not informed the Court of good cause to the contrary or filed a stipulation for dismissal. The Court will recommend this matter be dismissed for failure to prosecute.

A dismissal for want of prosecution is part of a court's "inherent power to control its docket." *Lunsford v. RBC Dain Rauscher, Inc.*, 590 F. Supp. 2d 1153, 1158 (D. Minn. 2008) (citing *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977)); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's

action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). Unless otherwise stated, a dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). "Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Givens v. A.H. Robins Co., Inc.*, 751 F.2d 261, 263 (8th Cir. 1984); *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008). The Eighth Circuit has stressed the importance of the sanction's proportionality to the conduct at issue. *Smith*, 526 F.3d at 405. "A district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000) (quoting *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997)).

Plaintiff has not complied with the Court's order. He did not move or apply for default when Defendants failed to respond to the complaint. He also did not move an extension of time for Defendants to answer the complaint. In fact, he did not respond at all to the Court's previous order. Dismissal for failure to prosecute is therefore appropriate.

Now, the Court must determine how that dismissal is put into effect. *Hunt*, 203 F.3d at 527. The Court concludes that dismissal without prejudice is appropriate. Dismissal without prejudice appropriately balances this Court's need for efficient and effective

docket control with Plaintiff's access to justice. *Id.*; *see Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (noting purpose of imposing sanctions is to deter future offensive conduct by the responsible individual and others). Plaintiff is warned that given the Court's recommendation in this matter, dismissal of any future case filed by Plaintiff may be with prejudice.

Therefore, based on the foregoing, and all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint, (ECF No. 1), be **DISMISSED WITHOUT PREJUDICE**.

Date: July 15, 2020                              *s/ Tony N. Leung*
                                                 Tony N. Leung
                                                 United States Magistrate Judge
                                                 District of Minnesota

                                                 *Zerwas v. Kwik Trip, Inc., et al.*
                                                 Case No. 20-cv-509 (WMW/TNL)

## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).